**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EARLENE HINGSON,

        Plaintiff,

vs.                                    Case No. 3:06-cv-524-J-32TEM

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, etc.,

        Defendant.

## **ORDER**[1]

This case is before the Court on cross motions for summary judgment and responses thereto. (Docs. 17 & 18, 25 & 26). On July 27, 2007, the Court heard extensive oral argument, the record of which is incorporated by reference.

After considering the motions, the arguments made at the hearing and the administrative record, the undersigned deems this a close ERISA case, with conflicting and confusing medical evidence. Without any intimation as to the ultimate result, the Court remands this case to defendant The Prudential Insurance Company of America ("Prudential") for further consideration. While it is true that Prudential granted plaintiff Earlene Hingson ("Hingson") three separate appeals at the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

administrative level, a remand is nonetheless required. First, when it rendered its final appeal denial, Prudential did not have complete copies of Dr. Scott Lloyd's (Rheumatologist) February 13, 2006 findings that Hingson had 18 out of 18 fibromyalgia tender points.[2] (AR 171-172). Thus, reviewing physician Dr. Douglas Martin did not have the full extent of Dr. Lloyd's findings before him and it is not clear whether Dr. Lloyd's findings would have made a difference to Dr. Martin in rendering his opinion. Second, the administrative record reveals that Prudential did not sufficiently focus on the nature of Hingson's job - a medium duty forklift operator. While much attention was paid to whether Hingson suffered from a malady with objective manifestations, that analysis was not clearly coupled with an evaluation of the nature of her work.

Moreover, this case is to be decided under the "heightened arbitrary and capricious" standard of review. Under this standard, the precise contours of which are somewhat unsettled, Prudential's decision is entitled to less deference than under the traditional arbitrary and capricious standard. Given that this is a close case, the Court will be in a better position to determine whether the administrator's decision has met this standard once the administrator has made findings based on a review of Hingson's complete medical records (including Dr. Lloyd's diagnosis) and has

---

[2] The Court does not limit plaintiff's disability claim strictly to the Elimination Period because Prudential itself did not so limit its consideration of plaintiff's claim at the administrative level.

assessed the relationship of those findings to Hingson's medium duty occupation.

On remand, Prudential should engage in a *de novo* review of the administrative record. Plaintiff may supplement the administrative record as appropriate no later than **September 21, 2007**. If Prudential orders testing or schedules medical visits, plaintiff must promptly comply. The administrator should then determine whether plaintiff is disabled within the meaning of the disability plan.[3]

No later than **November 7, 2007**, Prudential shall serve plaintiff's counsel and file with the Court a written decision concerning the plaintiff's benefits claim. While Prudential's decision need not be as formal as a judicial opinion, it should state in detail what information it considered and give reasons for its decision, supported by the record.

No later than **December 5, 2007**, plaintiff shall serve defendant and file with the Court a memorandum stating its position with regard to defendant's new benefits decision, any issues which remain for determination by the Court and a proposal as to how the Court should resolve those issues. No later than **December 19, 2007**, defendant shall serve plaintiff and file with the Court a responsive brief addressing these same issues. The Court will terminate the pending motions for summary judgment (Docs. 17 & 18) without prejudice to either party renewing any arguments

---

[3] While the Court remands this case to the administrator for *de novo* consideration, this should not be viewed as the Court expressing any opinion as to the outcome on remand.

3

contained therein in their later filings.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of August, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.

Copies:  counsel of record